UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Michele O'Toole, Maryann Mauro, Cord Meyer, Jodie Meyer, Karen Meyer, Gloria Edlin, Diana Roe, Debra Nelson, Mariann Buesing and Vickie Garcia | Case No |
| **Plaintiffs** | **Civil Action** |
| VS | |
| Robert Klingen, Charles Jandris, Liz Villano, Charles Croker, Steven Ruit, Robert Murken, Susan Murken, Diane Hauk, John Cluzel, Jessica Rein, Nabil Hajo, Alicia Miller, Keith Miller, Michael Schwartz, Stephan Sorochynskj, Michael Hauk, Brenda Olesin, Kayla Cortese, Katherine Kearney, Sharon Racioppi, Robert Ashe, Courtney Dock, Charlene Klingen, Robert Murken, III, Victoria Pope, Cheryl Shaw, Thomas Hyland, John Lane, Stu Solarz, jake Coviello, Abigail Nilsen, Stuart Neubrough, Stephne DeVries, Doreen Stauch, Scott Brown, Tor Lunde, Denise Burnette, Chris Rago, Bob Reilly, Eric Chernen, Florence Policano, Sean Templin, Linding Yang, Nicole Banu, Ryan Berger, Myrna Dominique, Brian Potter, Deanna Dragone, Arielle Ebanetti, Michael Flanagan, William Grath. Tori Murken, Michael Walsh,  Austin Miller, Madeline Van Duren,  Tori Murken, Anthony Chuck, Janet Diaz, Michele Diaz, Donna Bolkema, Avri Sfranzki, Gregory Antonetti, Chris Howard, Paul Allen, Robert English  and Mahwah Emergency Medical Services, a New  Jersey not-for-profit corporation | **COMPLAINT** *and* **JURY DEMAND** |
| **Defendants.** | |

**PARTIES, VENUE  and JURISDICTION**

1.      Plaintiffs are, and were at all times relevant, members of Mahwah Ambulance and

Rescue Company No 1, a New Jersey not-for-profit corporation. ("MARS") with its principal place of business in the Township of Mahwah, Bergen County, New Jersey.

2.      The individual Plaintiffs were all residents of the Township of Mahwah, Bergen County, New Jersey at relevant times.

3.      Defendant Mahwah Emergency Medical Services ("MEMS") is a New Jersey not-for-profit corporation, with its principal place of business in Mahwah, New Jersey.

4.      The individual Defendants are primarily residents of the Township of Mahwah.

5.      This Court has jurisdiction pursuant to 28 USC 1331 as the claims arise under federal statute, to wit, 42 USC 1983; and this Court has jurisdiction pursuant to 28 USC 1367 over pendent state law claims.

## FACTUAL ALLEGATIONS

6.      At all times relevant, the individual Plaintiffs were members of MARS.

7.      Until   July 11, 2013, MARS, along with Mahwah Ambulance Company No 4 ("Company 4") provided ambulance and first aid services to the Township of Mahwah and its residents.

8.      MARS and Company 4 provided a public service, and were an apparent arm of the municipal government in Mahwah Township.

9.      All members in MARS and Company 4 were volunteers.

10.    For many years prior to 2013, Mahwah Township funded MARS and Company 4; and provided them with ambulances at public expense.

11.    Members of MARS and Company 4, including the Plaintiffs, were covered by Mahwah Township's Worker's Compensation and liability insurance when responding to calls.

12.    Members of MARS and Company 4, including the Plaintiffs, were covered by the State of New Jersey's PERS pension system, and received a contribution to same in every year in which they responded to a minimum number of calls, under a program commonly known as LOSAP.

13.    Members of MARS and Company 4, including the Plaintiffs, received other incentives and benefits of value from Mahwah Township as compensation for their service in MARS, including uniforms; free family admissions to the Town Pool, free dog licenses  and a waiver of fees for any construction permits (which could have a value of several thousand dollars).

14.    Members of MARS and Company 4, including Plaintiffs, were *de facto* employees of Mahwah Township through their membership in MARS and Company 4, respectively; and received a W-2 every year from the Township. .

15.    Plaintiffs, and each of them, had a property interest in their status as member/ employees of MARS and its successors, and Mahwah Township

16.    On July 11, 2013, Mahwah Township terminated its relationship with MARS and Company 4.

17.    Simultaneously, Mahwah Township entered into an identical relationship with Defendant MEMS.

18.    Defendant MEMS was created by Defendant Jandris in or about 2012.

19.    Defendant MEMS is the *de facto* successor to MARS and Company 4.

20.    Prior to July 11, 2013, MEMS incorporated the membership of Company 4 wholesale into itself;  and selectively incorporated members of MARS, excluding the Plaintiffs.

21.    On information and belief, these MARS members who were accepted into MEMS, and the Company 4 members, did not have to "apply" for membership in MEMS but were accepted en masse.

22.    When Mahwah township entered into the new relationship with MEMS on July 11, 2013, its members' status as *de facto* employees of Mahwah township continued without interruption.

23.    When Mahwah Township entered into the new relationship with MEMS on July 11, 2013, Plaintiff's  status as *de facto* employees of Mahwah township ended.

24.    Plaintiffs had no opportunity, then or now, to challenge the termination of their status as de fact employees of Mahwah Township and the deprivation of all the property rights and interests that accompanied that status.

25.    Plaintiffs sought, and were either denied or were not given, memberships in MEMS.

26.    On information and belief, the denial of memberships to, or the failure to extend memberships to, Plaintiffs were the unanimous action of the members of MEMS, the

individual defendants herein.

27.     Unless one is a member of MEMS, one cannot serve as a *de facto* employee of Mahwah Township in its ambulance and first aid service, and receive and enjoy the emoluments of said position.

28.     Defendant MEMS is the agent of Mahwah Township for selecting and employing people for the Township's ambulance and first aid service.

29.     The average age of the Plaintiffs is 58, and their median age is 54 .

30.     On information and belief, the average age of the MEMS membership is 38, and their median age is 40.

31.     In denying memberships to, or not granting memberships to, Plaintiffs, MEMS discriminated against them on the basis of age.

32.     The individual Defendants, in voting to deny  memberships to, or not granting memberships to, Plaintiffs, aided and abetted MEMS in discriminating against them on the basis of age.

## FIRST COUNT
### (Denial of due process)

33.     Plaintiffs were entitled to a pre-deprivation due process hearing before losing their status as member/employees of an entity that was providing ambulance and first aid services to Mahwah Township.

34.     The Defendant MEMS, as the *de facto* successor to MARS, did not give Plaintiffs a

due process pre-deprivation hearing before denying them member/employee status in MEMS.

35.    The individual Defendants, in unanimously voting to deny Plaintiffs member/employee status in MEMS, did not give Plaintiffs a due process pre-deprivation hearing before denying them member/employee status in MEMS.

36.    In so denying Plaintiffs a pre-deprivation due process hearing, Defendants violated their rights to due process as guaranteed to them by the United States Constitution and the New Jersey Constitution.

37.    In so denying Plaintiffs a pre-deprivation due process hearing, Defendants violated 42 USC 1983 and NJSA 10:6-1, et seq.

WHEREFORE, Plaintiffs demand judgment on this Count pursuant to the statutes against the Defendants, jointly and severally, for compensatory damages, punitive damages, reasonable attorney fees and costs of suit.

## SECOND COUNT
### (Denial of equal protection)

38.    In the  process of transferring members from MARS to MEMS, Plaintiffs were entitled to be treated equally with the other MARS and Company 4 members, who were simply transferred en masse from those entities.  Plaintiffs, on the other hand, were required to formally "apply" for membership, be interviewed and submit doctor's evaluations, all for submission to the entire membership.

39.    The Defendant MEMS, as the *de facto* successor to MARS, did not treat Plaintiffs in the same manner as all other former members of MARS and Company 4 in  denying them member/employee status in MEMS.

40.    Degfendant MEMS was acting under the color of state law, and in its capacity as an arm of the government of Mahwah Township, in denying Plaintiffs equal treatment.

41.    In so denying Plaintiffs equal treatment under the laws Defendant MEMS violated

their rights to equal protection of the laws as guaranteed to them by the United States Constitution and the New Jersey Constitution.

42.    In so denying Plaintiffs the equal protection of the laws, Defendant MEMS violated 42 USC 1983 and NJSA 10:6-1, et seq.

WHEREFORE, Plaintiffs demand judgment on this Count pursuant to the statutes against the Defendant MEMS for compensatory damages, punitive damages, reasonable attorney fees and costs of suit.

### THIRD COUNT
### (Equal protection because of age)

43.    Plaintiffs have an average age of 58, and a median age of 54 .

44.    The membership of MEMS has an average age of 38, and a median age of 40.

45.    The individual Defendants, in unanimously voting to deny Plaintiffs member/employee status in MEMS, discriminated against them on the basis of age.

46.    In denying Plaintiffs status as members/employees, Defendant MEMS discriminated against them on the basis of age

47.    Defendants treated Plaintiffs differently and denied them equal protection of the laws because of their age, contrary to 42 USC 1983 and NJSA 10:6-1, et seq.

WHEREFORE, Plaintiffs demand judgment on this Count pursuant to the statutes against the Defendants jointly and severally for compensatory damages, punitive damages, reasonable attorney fees and costs of suit.

### FOURTH COUNT
### (Age discrimination)

47.    Plaintiffs have an average age of 58, and a median age of 54 .

48.     The membership of MEMS has an average age of 38, and a median age of 40.

49.     In denying Plaintiffs status as members/employees, Defendants discriminated against them on the basis of age.

50.     Defendants treated Plaintiffs differently because of their age, contrary to NJSA 10:5-1, et seq.

51.     The individual Defendants, and each of them, aided and abetted Defendant MEMS in its unlawful discrimination by voting against the admission of Plaintiffs.

WHEREFORE, Plaintiffs demand judgment on this Count pursuant to the statutes against the Defendants jointly and severally for compensatory damages, punitive damages, reasonable attorney fees and costs of suit.


Dated: May 23, 2014                                    /s/ George J. Cotz    0463



**JURY DEMAND**



Plaintiffs demand trial by jury on all issues.



Dated: May 23,  2014                                    /s/ George J. Cotz   0463