UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

MICHELE O'TOOLE, *et al.*,

    *Plaintiffs*,

v.

ROBERT KLINGEN, *et al.*,

    *Defendants*.

Civil Action No. 14-6333

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    The present matter comes before the Court on Defendants' motion to dismiss the Third Amended Complaint ("TAC"). Defendants move to dismiss the TAC pursuant to Federal Rule 12(b)(1) for lack of subject-matter jurisdiction or, in the alternative, pursuant to Federal Rule 12(b)(6) for failure to state a claim.[1] D.E. 26. The motion is unopposed. The Court reviewed the submission in support and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion is **GRANTED**.

**I.    BACKGROUND**

    For the purposes of the pending motion, the Court does not retrace this case's factual and procedural history. The Court issued an Opinion addressing Defendants' motion to dismiss the Second Amended Complaint, D.E. 23, which included a more detailed recounting of the relevant

---

[1] Defendants' brief in support of its motion to dismiss (D.E. 26) the Third Amended Complaint will be referred to hereinafter as "Def. Brf."

background. To the extent relevant to these motions, the Court incorporates the factual and procedural history, D.E. 23, into this Opinion.

On January 13, 2017, the Court issued an Opinion and an Order dismissing Plaintiffs' Second Amended Complaint. D.E. 23, 24. The Court, first, found that Plaintiffs were collaterally estopped from litigating their status as Township of Mahwah employees. Next, the Court dismissed Plaintiffs' claim of a due process violation without prejudice as to 42 U.S.C. § 1983 but with prejudice as to the New Jersey Civil Rights Act ("NJCRA"). The Court also dismissed Plaintiffs' claim of an equal protection violation with prejudice. Further, the Court dismissed Plaintiffs' claim of equal protection based on age discrimination with prejudice as to Section 1983 but without prejudice as to the NJCRA. Finally, the Court dismissed Plaintiffs' claim of age discrimination without prejudice. *Id.*

On February 8, 2017, Plaintiffs filed a TAC. D.E. 25. In the TAC, Plaintiffs only allege one claim of age discrimination in violation of N.J.S.A. 10:5-1 (New Jersey's Law Against Discrimination) against all Defendants. TAC ¶¶ 25, 26, 49, 50, 51.[2] In response to the TAC, Defendants, on August 7, 2017, filed a motion to dismiss the TAC pursuant to Federal Rule 12(b)(1) or, in the alternative, pursuant to Federal Rule 12(b)(6). Plaintiffs did not oppose the motion.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines

---

[2] The Court notes that the paragraph numbering in the TAC skips between numbers.

how the pleading is reviewed.[3] A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (quoting *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D.Pa. 2015)). When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). The burden is on the Plaintiff to prove that the Court has jurisdiction. *Id.* (citing *Petruska*, 462 F.3d at 302).

**B. Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a

---

[3] This Court also has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998) ("[A federal] court . . . will raise lack of subject-matter jurisdiction on its own motion.") (quoting *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III. LAW & ANALYSIS

Plaintiffs' TAC alleges that the Court has jurisdiction "pursuant to 28 USC 1331 as the claims arise under federal statute, to wit, 42 USC 1983; and . . . pursuant to 28 USC 1367 over pendent state law claims." TAC ¶ 5. In the TAC, however, Plaintiffs only allege one substantive claim pursuant to N.J.S.A. 10:5-1 (New Jersey's Law Against Discrimination). TAC ¶¶ 25, 26, 49, 50, 51.

Federal question jurisdiction, pursuant to 28 U.S.C. § 1331, exists when a cause of action arises under the Constitution, laws, or treaties of the United States. *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (citing 28 U.S.C. § 1331). "To determine whether a

4

case arises under federal law, a court must look to the allegations of the plaintiff's well-pleaded complaint." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiffs present only one state law claim. Despite Plaintiffs' assertion that the TAC alleges claims under Section 1983, it does not. Thus, the TAC presents no cause of action arising under federal law.[4] The Court, therefore, does not have subject matter over this matter and must dismiss the Complaint.[5]

A court must grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id.* at 115. Here, Plaintiffs have amended their original Complaint three times. The TAC does not present a federal question, nor does it appear that any amendment to it could plausibly plead a federal question. Therefore, the Court finds that any future amendment would be futile. However, because the Court did not reach the plausibility of the TAC's state law claim, Plaintiffs may recommence their claim asserted under state law in the appropriate state court within 30 days of entry of this order and judgment, *see* 28 U.S.C. §1367(d).

Thus, for the reasons set forth above and for good cause shown,

IT IS on the 7th day of February, 2018,

**ORDERED** that Defendants' motion to dismiss (D.E. 26) is **GRANTED**; and it is further

---

[4] Pursuant to 28 U.S.C. §1367(a), federal district courts have supplemental jurisdiction over state law claims related to those brought under federal statutes. Because the TAC does not present a federal question, supplemental jurisdiction is not appropriate here.

[5] Although Plaintiffs do not allege that diversity jurisdiction, 28 U.S.C. § 1332, is present, the Court notes that it is not. The parties all appear to be New Jersey residents. TAC ¶¶ 2-4.

5

**ORDERED** that the Plaintiffs are granted leave to recommence the claim asserted under state law in the appropriate state court within 30 days of entry of this order and judgment, *see* 28 U.S.C. §1367(d); and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

                                                             JOHN MICHAEL VAZQUEZ, U.S.D.J.